UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

STANLEY I. ORWASHER D.P.M., on behalf of A. Orwasher, Inc.,

      Plaintiff,

-against-

A. ORWASHER, INC.; ABRAM ORWASHER; ORWASHER'S FINE FOODS CO.,

      Defendants.

------------------------------------------------------------------X

Index No. 09 CV 1081 (VM)(JCF)

**USDS SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 12/21/09

### ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

  This matter having come before the Court for the entry of a confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and good cause having been shown ~~by defendant;~~

  IT IS hereby ORDERED that the following provisions shall govern disclosure and use by the undersigned parties of all documents, testimony, and other Information (as defined below) designated CONFIDENTIAL or HIGHLY CONFIDENTIAL which is produced or given by any person in the course of discovery in these actions:

  1. The term "Information" as used herein shall include any document, deposition testimony, electronic data, interrogatory response, response to requests for admissions, or other information disclosed or produced by or on behalf of a party (or any of its

attorneys or other agents), or by or on behalf of a non-party (or any of its attorneys or other agents).

2. Information may be designated by any individual or entity producing documents ("Designating Person") as CONFIDENTIAL within the meaning of this Protective Order. Information shall be designated CONFIDENTIAL only if the Designating Person has a reasonable, good faith belief that the Information so designated is confidential. Information that is designated as CONFIDENTIAL ~~includes, but is not limited to, all know-how,~~ [consists of] trade secrets, proprietary business, technical and financial information, data concepts and processes, ~~and~~ [as provided in Fed. R. Civ. P. 26(c)(1)(G).] ~~copyrightable works.~~ Information that is or becomes publicly available in any way other than through acts in violation of this Protective Order is not confidential.

3. Except upon the prior written consent of the Designating Person, Information designated as CONFIDENTIAL under the terms hereof shall not be disclosed, summarized, or otherwise made available to anyone except:

(a) counsel for the parties in the above-captioned litigation and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist counsel in this litigation, (collectively "Litigation Counsel");

(b) outside experts and consultants, and/or litigation support vendors who are not current or past employees of any party and who are expressly retained to assist counsel of record for the parties and the employees of such persons (collectively "Outside Litigation Assistants"), provided that Litigation Counsel, in good faith, requires their assistance in connection with these actions, and further provided that any report created by such Outside Litigation Assistants relying on or incorporating Information designated CONFIDENTIAL, in whole or in part, shall be designated as CONFIDENTIAL by the party responsible for its creation;

(c) the parties and their present officers, directors and employees;

2

(d) witnesses or prospective witnesses in these actions, where such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation or discovery;

(e) the person(s) who wrote and/or received the document designated CONFIDENTIAL;

(f) court reporters, translators, interpreters or videographers in depositions; and

(g) the Court, court reporters, translators, interpreters or videographers in hearings, who shall be made aware of the confidential nature of the Information and the existence of this Protective Order.

4. Those persons identified in paragraphs 3(b), (c), (d), (e) and (f) above, to whom Information designated CONFIDENTIAL is disclosed, shall first be advised that such Information is being made available to them under this Protective Order; they shall be given a copy of this Protective Order; they shall agree to be bound by this Protective Order; they shall evidence their consent to be bound by this Protective Order by signing and dating a copy of the Confidentiality Undertaking annexed hereto as Exhibit A; and the attorneys of record making the Information available shall retain all signed copies of such Confidentiality Undertaking.

5. Information may be designated by the Designating Person as HIGHLY CONFIDENTIAL within the meaning of this Protective Order. It shall be solely the responsibility of the Designating Person to designate Information as HIGHLY CONFIDENTIAL in accordance with the terms hereof. Use of the HIGHLY CONFIDENTIAL designation is limited to any Information that any party determines in good faith should not or cannot be shared with one or more of the parties in this action as a result of the producing party's contractual confidentiality obligations. ~~and/or because the producing party believes that the disclosure of such Information to one or more of the parties in this action will cause irreparable injury to the producing party if such Information is further disclosed.~~

3

6. Except upon the prior written consent of the Designating Person, Information designated as HIGHLY CONFIDENTIAL under the terms hereof shall not be disclosed, summarized, or otherwise made available to anyone except:

(a) Litigation Counsel;

(b) Outside Litigation Assistants, provided that Litigation Counsel, in good faith, requires their assistance in connection with this action, and further provided that any report created by such Outside Litigation Assistants relying on or incorporating Information designated HIGHLY CONFIDENTIAL, in whole or in part, shall be designated as HIGHLY CONFIDENTIAL by the party responsible for its creation;

(c) the person(s) who wrote and/or received a document designated HIGHLY CONFIDENTIAL;

(d) witnesses, including prospective witnesses, where such disclosure is reasonably necessary for purposes of trial preparation, factual investigation or discovery;

(e) court reporters, translators, interpreters or videographers in depositions; and

(f) the Court, court reporters, translators, interpreters or videographers in hearings, who shall be made aware of the confidential nature of the Information and the existence of this Protective Order.

7. Those persons identified in paragraphs 6(b), (c), (d) and (e) above, to whom Information designated HIGHLY CONFIDENTIAL is disclosed, shall first be advised that such Information is being made available to them under this Protective Order; they shall be given a copy of this Protective Order; they shall agree to be bound by this Protective Order; they shall evidence their consent to be bound by this Protective Order by signing and dating a copy of the Confidentiality Undertaking annexed hereto as Exhibit A; and the attorneys of record making the Information available shall retain all signed copies of such Confidentiality Undertaking.

4

8. Any party (the "objecting party") may object in any circumstance where it deems it necessary to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL Information to the designation of any Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL by serving a written objection on the Designating Person by electronic mail or facsimile. The objecting and designating parties shall attempt through an in-person meeting or teleconference to resolve by agreement the question of whether the Information in question has been properly designated. If, after such in-person meeting or teleconference, the parties remain unable to resolve their disagreement, the Designating Person may seek leave from the Court to file a motion for an order preventing the proposed disclosure. The Designating Person has the burden of showing by a preponderance of the evidence that there is good cause for the documents or other material to have such designated protection. Until the Court has ruled on the Designating Person's designation, the documents or other material in question shall be treated in accordance with its original designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Should the Designating Person fail to seek leave from the Court to file a motion for an order preventing the proposed disclosure within seventeen (17) days of receiving notice of the proposed disclosure, the disclosure shall be deemed valid.

9. Except as otherwise provided in this Protective Order, all Information produced by any party in discovery in the above-entitled action and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be subject to the terms of this Protective Order and shall be used only for the purpose of the above-captioned actions and not for any business or other purposes whatsoever.

10. Testimony or other oral statement during depositions or hearings that discloses Information may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by the Designating Person on the record or in writing within thirty (30) days from the date the

transcript is received by the Designating Person by giving notice to the court reporter and counsel for all parties. Any deposition transcript and/or videotaped deposition containing Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be marked on the cover "CONTAINS CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION" and shall indicate those portions within the transcript and/or on the videotape, as applicable, where the confidentiality designation(s) applies to the Information. Nothing in this Protective Order shall prevent an officer, director or employee of a party from attending any deposition, except that unless otherwise agreed to by the parties, only persons entitled to receive Information designated HIGHLY CONFIDENTIAL shall be present when such Information is disclosed at a deposition. Any disclosure or use of such Information by another party that was not at the time of the disclosure or use a violation of the terms of this Protective Order shall not be deemed a violation of this Protective Order.

        11.     Except as otherwise agreed to by the parties, information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be maintained: (i) in the offices of the Litigation Counsel producing it, who shall make it available for review during regular business hours; (ii) in the offices of any Litigation Counsel that request a copy; and/or (iii) any other individual that is entitled to have access to such Information pursuant to paragraphs 3 and 6 above, provided that such individual's identity is previously disclosed to the Disclosing Persons and that such individual agrees in writing to be bound by the terms of this Order. Information that is designated by a party to be treated as confidential shall be conspicuously marked CONFIDENTIAL or HIGHLY CONFIDENTIAL by the Designating Person before or at the production thereof. Any individual receiving copies of or inspecting documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not disclose or discuss any information

learned from such review with anyone other than a person authorized to review Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

12. Non-parties from whom discovery is sought by the parties to this Protective Order may designate Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL consistent with the terms of this Protective Order, provided that such non-parties agree in writing to be bound by the Protective Order. Under such circumstances, Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by a non-party are assigned the same protection as documents and Information designated by a Designating Person, and all duties applicable to a Designating Person shall apply to a non-party designating Information CONFIDENTIAL or HIGHLY CONFIDENTIAL. All obligations applicable to parties receiving such Information shall apply to any party receiving Information from such non-party.

13. If a party (the "disclosing party") has been compelled, by subpoena or other form of judicial or other compulsory process, to disclose Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms hereof to any person other than those to whom disclosure is permitted under paragraphs 3 or 6 above, the disclosing party shall as promptly as possible, and in any event at least fourteen (14) days prior to the disclosure or 72 hours prior to the return date of a subpoena or other process in the event of process requiring compliance in fewer than fourteen (14) days, provide written notice to counsel for the Designating Person of the disclosing party's intention to disclose Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, along with a copy of the subpoena or other process. The purpose of this paragraph is to give the Designating Person an opportunity to object to the disclosure of such material pursuant to compulsory process. If the Designating Person seeks an order from a court or other authority precluding disclosure of Information

7

designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, the disclosing party shall make reasonable efforts to prevent disclosure of such material until the court or other authority has ruled on the Designating Person's request.

14. Except as otherwise provided herein, those to whom Information marked CONFIDENTIAL or HIGHLY CONFIDENTIAL is disclosed pursuant hereto shall forever protect, safeguard, and otherwise respect the confidential nature of such Information; shall not disclose it to any person other than as provided in this Protective Order; shall not use it for any other purpose except as may be necessary for the good faith conduct of the above-captioned litigation; and shall maintain all documents and things that are or contain Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL in a secure place where unauthorized disclosure cannot reasonably be expected to occur.

15. In the event that one of the parties inadvertently produces Information that has not been designated as such, it may designate the Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL by subsequent notice in writing, in which event the parties shall thereafter treat such Information as provided herein and shall undertake their best efforts to retrieve any disclosure, dissemination, or use of such Information prior to the designation. The party which inadvertently produced the Information without the proper designation shall produce it again, where possible, conspicuously marked CONFIDENTIAL or HIGHLY CONFIDENTIAL.

16. A party that has inadvertently produced Information incorrectly marked CONFIDENTIAL or HIGHLY CONFIDENTIAL may at any time prior to the fact discovery cutoff in these actions (should one be imposed) redesignate such Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Any disclosure or use of Information by

8

another party that was not at the time of the disclosure or use a violation of the terms of this Protective Order shall not be deemed a violation of this Protective Order.

17. In the event that a party produces two or more identical or substantially identical copies of a document or other Information, and any copy is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL while other copies are not so designated, all such identical or substantially identical Information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL once notice is given by the party that produced the Information of the proper designation. The Designating Person shall be responsible for giving notice of the inconsistent designation and the proper designation.

18. In the event that counsel for any party wishes to file with or submit to the Court Information marked CONFIDENTIAL or HIGHLY CONFIDENTIAL under seal, the following procedures shall be used:

(a) Any party seeking to file or submit documents (e.g., documents produced by a party, discovery responses, deposition testimony, etc.) under seal shall submit an affidavit by a person with personal knowledge of the facts identifying with particularity (whether in his or its own submission or that of an adversary) the Information which the party maintains should be kept under seal, demonstrating the particular need for sealing the Information, and annexing a proposed redacted page together with the unredacted version for the Court's in camera review.

(b) The parties agree to refrain from including Information marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL in the titles of the documents filed with the Court so that, in all instances, the titles of the documents — and the Court's docket sheet reflecting those titles — may remain public.

19. Nothing herein shall impose any restriction on the disclosure by a party of its own Information. Nor shall this Protective Order be construed to prevent any party, its

9

counsel, or its Outside Litigation Assistants from making use as they see fit of Information that was lawfully available to the public or lawfully in the possession of the party, its counsel, or its Outside Litigation Assistants, or that properly came into the possession of the party, its counsel, or its Outside Litigation Assistants independent of any disclosure of Information marked CONFIDENTIAL or HIGHLY CONFIDENTIAL in the above-captioned litigation, or that was obtained from a non-party in the course of this litigation and was not designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by that non-party.

20. This Protective Order shall be without prejudice to the right of any party to oppose disclosure of any Information for any reason other than confidentiality. Nothing in this Protective Order shall be deemed to preclude any party from seeking such additional protection with respect to CONFIDENTIAL or HIGHLY CONFIDENTIAL Information, as that party may consider appropriate. This Protective Order may be changed only by further agreement of the parties in writing or by order of the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular Information.

21. Upon termination of this lawsuit, all Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be destroyed or returned to counsel for the Designating Person, except for documents made of record in these actions and materials that in the reasonable judgment of counsel are the receiving party's counsel's work product. The attorneys of record shall certify in writing that all Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL has been destroyed or returned. However, this Protective Order and any Confidentiality Undertaking executed pursuant thereto shall remain in full force and effect after termination of these actions unless modified, superseded, or terminated by consent of the parties in writing or by Court order.

22.     If a party inadvertently produces Information that it considers to be protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, or other applicable privilege, in whole or in part, or learns of the production of such Information by a non-party, the party may retrieve such Information as follows:

(a)     Within ten (10) days of the date of discovery by a party of the inadvertent production by it or a non-party, the party asserting that an inadvertent production has occurred must give written notice to all other parties that the party claims the Information, in whole or in part, is privileged or protected Information; in addition, the notice must state the nature of the privilege or protection, the basis for asserting it, and the reason the production is claimed to be inadvertent.

(b)     Upon receipt of such notice, any party who has received the produced Information shall promptly destroy or return all copies to the party asserting inadvertent production. In the event a party destroys such copies, it shall certify in writing that it has done so. In the event that only part of a document is claimed to be privileged or protected, the party asserting inadvertent production shall furnish to all other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice. Any party who has received the produced Information may contest the claim of inadvertence in accordance with Local Civil Rule 37.2; provided, however, that should the parties' good faith efforts fail to resolve any dispute over inadvertent production, the party contesting the claim of inadvertence shall bring the matter to the Court's attention under Local Civil Rule 37.2 after good faith efforts to resolve the dispute have failed. Prior to resolution of any such dispute (either by the parties or through intervention of the Court), any party in possession of Information which is claimed to be inadvertently produced shall promptly return all copies of the documents or material to the party asserting inadvertent production or certify in

writing that they have been destroyed; in addition, the party in possession of Information which is claimed to be inadvertently produced may not use or disclose the Information claimed to be privileged for any purpose.

(c) The provisions of subparts (a) and (b) of this paragraph are without prejudice to any other rights that a party may have with respect to challenging or defending any claim of privilege; provided, however, that no claim of waiver, estoppel, laches, or the like based on alleged delay or alleged lack of timeliness can be asserted against the party claiming inadvertent production if that party has complied with subpart (a) of this paragraph.

(d) This paragraph applies only to the retrieval of inadvertently produced Information disclosed prior to the discovery cut-off date set by the Court.

23. Nothing herein shall be deemed to waive any applicable privilege.

24. Neither this Protective Order nor any party's designation of Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall affect the admissibility into evidence of the Information so designated.

25. Nothing in this Protective Order is intended to constitute an agreement regarding the scope of discovery.

26. Nothing in this Protective Order is intended to govern the use or disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Information at trial.

27. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

SO ORDERED.

DATE: 12/21/09

*James C. Francis IV*
Honorable James C. Francis IV
United States Magistrate Judge

28. Either party may challenge the other's designation of Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL by motion. *JCF*

12

Caption

EXHIBIT A TO PROTECTIVE ORDER

CONFIDENTIALITY UNDERTAKING

I hereby attest to my understanding that documents, materials, or information have been identified as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the terms and conditions of the Protective Order executed by the parties and entered by the Court in the above-captioned litigation. I hereby attest that I have been given a copy of and have read the Protective Order and that I hereby agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Protective Order, such confidential documents, materials, or information. I further agree that the United States District Court for the Southern District of New York has jurisdiction to enforce the terms of the Protective Order, and I consent to jurisdiction of that Court over my person for that purpose.

If I am signing on behalf of a firm of court reporters, translators, interpreters, videographers, or litigation support vendors, I further state that I have authority to sign on behalf of my firm, and that I will make sure that all firm personnel who work on these litigations are made aware of this Protective Order and the firm's responsibilities hereunder.

Signature: _____
Name (type or print):
Position:
Firm:
Address:
Telephone Number:
Date: