```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
STANLEY I. ORWASHER D.P.M., on     : 09 Civ. 1081 (VM) (JCF)
behalf of A. Orwasher, Inc.,       :
                                   :        MEMORANDUM
               Plaintiff,          :        AND ORDER
                                   :
     - against -                   :
                                   :
A. ORWASHER, INC., ABRAM ORWASHER, :
ORWASHER'S FINE FOODS CO.,         :
                                   :
               Defendants.         :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This action stems from a dispute surrounding the management of a family-run bread-making business and retail store. The plaintiff, Stanley I. Orwasher, is a minority shareholder of the business, A. Orwasher, Inc. (the "Company"). (Verified Complaint and Jury Demand ("Compl."), ¶ 1). According to the plaintiff, his brother, Abram Orwasher, owns a majority of the shares and is also the company's sole officer and director. (Compl., ¶ 1). Stanley brings this derivative suit against the Company, Abram, and Orwasher's Fine Foods, a business that he claims Abram controls. He alleges that he, on behalf of the corporation, is entitled to recover damages as a result of Abram's "self-dealing, breach of fiduciary duty, fraud, looting, and excessive compensation." (Compl., ¶ 1).

Central to the plaintiff's allegations is Abram's handling of the sale of most of the Company's assets to another entity, Oven Artisans, Inc., in October of 2007. Stanley accuses Abram and the Company of denying him access to corporate records relating to the

1

sale, and he deems certain aspects of the sale "suspicious," "careless," and "costly." (Compl., ¶¶ 8-11, 38-51). The plaintiff also contends that Abram has only distributed one-third of the proceeds from the sale to the shareholders, even though he was told that the deal was "all cash." (Compl., ¶ 46).

On December 21, 2009, I entered a Protective Order, allowing the parties to designate certain documents produced during discovery as "confidential" or "highly confidential." (Order for the Production and Exchange of Confidential Information dated Dec. 21, 2009 ("Protective Order")). Currently before me is a discovery dispute in which Stanley requests that the defendants be ordered to de-designate documents marked as highly confidential. He also seeks sanctions. For the reasons set forth below, the plaintiff's motion is granted in part and denied in part.

## Discussion

At issue are two sets of documents. The first set contains about 90 documents, "almost all of which relate[] to the sale of the business, such as the Asset Purchase Agreement and communications with the purchaser or the bakery's union concerning aspects of the sale, as well as tax returns." (Plaintiff's Memorandum of Law in Support of its Motion to De-Designate "Highly Confidential" Documents and for Sanctions ("Pl. Memo.") at 7). Stanley also disputes the defendants' decision to mark as highly confidential 1,503 documents that were produced in response to a subpoena served by the plaintiff on Weiss & Weiss, the Company's accountants. (Declaration of Walter A. Kretz, Jr. dated March 16,

2010 ("Kretz Decl."), ¶ 18(iii)).  These documents include "corporate tax returns, accountant's work papers, financial statements, bank account statements, and information about the company's expenses or receivables."  (Pl. Memo. at 9).

   A.   The Protective Order

The Protective Order allows the parties to designate certain documents as confidential and others as highly confidential on the basis of the producing party's "good faith" belief.  (Protective Order, ¶¶ 2, 5).  Confidential documents are deemed to "consist[] of trade secrets, proprietary business, technical and financial information, data concepts and processes, as provided in [Rule] 26(c)(1)(G)" of the Federal Rules of Civil Procedure.  (Protective Order, ¶ 2).  The designation of highly confidential is reserved for documents that "should not or cannot be shared with one or more of the parties . . . as a result of the producing party's contractual confidentiality obligations."  (Protective Order, ¶ 5).  While documents falling under both categories must be kept private and only shared with people who are necessary to the litigation, documents designated as highly confidential cannot be shared with the parties themselves.[1]  (Protective Order, ¶¶ 3, 6).

---

[1] The Protective Order specifies that confidential documents are not to be disclosed to anyone except counsel and those who assist them in the litigation, including outside experts and consultants; "the parties and their present officers, directors and employees;" "witnesses or prospective witnesses . . . where such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation or discovery;" any person who wrote or received a designated document; court reporters and others who may be used at depositions; and court staff.  (Protective Order, ¶ 3).  It permits highly confidential documents to be shared with the same categories of people with the exception of the

The Protective Order provides that if a party objects to the designation of a document, "[t]he Designating Person has the burden of showing by a preponderance of the evidence that there is good cause for the documents or other material to have such designated protection." (Protective Order, ¶ 8). It also allows either party to challenge a designation by motion. (Protective Order, ¶ 28).

B.   Documents Concerning the Sale of the Company

The defendants offer a number of reasons to support the decision to designate documents regarding the sale of the Company as highly confidential. Most of these reasons fall far from providing the good cause necessary to justify their designation. For instance, the defendants contest the merit of the plaintiff's claims (Kretz Decl., ¶¶ 3-4, 22), but this is not the proper motion for doing so. They also insist that Stanley's "extreme hostility" toward them creates "a clear risk of abuse of any produced information," and they are concerned that if he receives the documents, the plaintiff will "generat[e] embarrassing publicity" as he apparently has in the past. (Kretz Decl., ¶ 8(ii)-(iii)). However, the defendants may not choose to prevent Stanley from viewing these documents simply on an assumption that he will violate the Protective Order. And, most oddly, the defendants argue that the plaintiff has no right to see the documents in dispute because, as a podiatrist, Stanley "knows next to nothing about the internal operations of a business," making it "extremely unlikely he would have any meaningful comprehension of the detailed

---

parties. (Protective Order, ¶ 6).

information provided" in the documents.  (Kretz Decl., ¶¶ 8(v), 22).

The only colorable justification put forth by the defendants is that one of the documents at issue, the Asset Purchase Agreement that memorialized the sale of the Company to Oven Artisans, contains a confidentiality clause that reads,

> (a) Seller shall keep confidential and shall cause its officers and directors, to keep confidential all information relating to (i) the Business, including, without limitation, all recipes and formulas, (ii) the conduct of the Business prior to Closing, and (iii) any business plans relating to the Business, and (b) Buyer and Seller agree to keep this Agreement and the Ancillary Agreements confidential . . . , except for disclosure to their professional advisors and lenders, or in connection with any action or proceeding to enforce its rights under this Agreement or the Ancillary Agreements.

(Asset Purchase Agreement, attached as Exh. M to Declaration of Jeffrey Gross dated March 3, 2010, § 7.07).  In light of this provision, a designation of the documents relating to the sale as confidential, rather than highly confidential, is appropriate.

Moreover, these documents go to the heart of the plaintiff's claims, as he has made several allegations about the circumstances surrounding the sale of the Company.  The defendants contend that the Protective Order permits some discussions between Stanley and his counsel about the contents of these documents. (Kretz Decl., ¶ 26).  They refer to the clause in the order that allows disclosure of documents to "witnesses . . . where such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation or discovery." (Protective Order, ¶ 6(d); Kretz Decl., ¶ 27).  The plaintiff's counsel rightly notes that

Stanley, who is not merely a witness, but who is a party to the litigation, should not be subject to the threat of additional litigation over the meaning of "reasonably necessary." (Declaration of Jeffrey Gross dated March 23, 2010, ¶ 16).

Accordingly, these documents are deemed to be confidential, rather than highly confidential.

  C. <u>Documents from Weiss & Weiss</u>

The defendants explain that they did not review the documents produced by Weiss & Weiss before labeling them highly confidential. (Kretz Decl., ¶ 18(iii)). Instead, because the defendants were "confident . . . that the vast majority" of these documents "would qualify on their face for Highly Confidential protection" and because they wished to avoid "incurring the unnecessary expense of separately conducting [their] own review of" the documents, they marked them all as highly confidential. (Kretz Decl., ¶ 18(iii)). When Stanley's attorney objected to the blanket labeling of the documents, the defendants "told [him] that since he already had reviewed all of the documents, he was in a position to indicate to [them] by reference to the numbers stamped on the documents those documents he might believe do not deserve the Highly Confidential designation." (Kretz Decl., ¶ 19). The plaintiff's attorney declined the invitation. (Kretz Decl., ¶ 20).

The defendants' actions are unjustified in light of the Protective Order, which places the burden on the designating party to "show[] by a preponderance of the evidence that there is good cause" for certain documents to have been marked confidential or

highly confidential. (Protective Order, ¶ 8). The burden is properly placed on the defendants. See <u>U2 Home Entertainment, Inc. v. KyLin TV, Inc.</u>, No. 06 CV 2770, 2008 WL 1771913, at *2 (E.D.N.Y. April 15, 2008) ("[W]here as here, the confidentiality designation is contested, the party seeking to maintain confidential treatment for the challenged document will have the burden of establishing good cause for the continuation of that treatment.") (internal quotation marks and citation omitted); <u>Fears v. Wilhelmina</u>, No. 02 Civ. 4911, 2003 WL 21737808, at *2 (S.D.N.Y. July 25, 2003). Therefore, the defendants have forfeited their ability to designate these documents as highly confidential. As a result, these documents also shall be deemed confidential. To the extent that publicly available documents are included in this set, they shall not be treated as confidential at all, as provided in paragraph 19 of the Protective Order.

    D.   <u>Sanctions</u>

Stanley argues that the defendants' behavior warrants the imposition of sanctions. (Pl. Memo. at 16-18). Specifically, he requests that the defendants reimburse him for the fees and costs associated with bringing this motion and be prohibited from labeling documents as highly confidential in the future. (Pl. Memo. at 18).

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure requires a court to award "reasonable expenses" to the prevailing party in a discovery motion. However, such an award need not be made if "the opposing party's nondisclosure, response, or objection

was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). In this case, while the defendants' conduct -- particularly with regard to the Weiss & Weiss documents -- is not admirable and has cost the plaintiff expense and delay, it is not worthy of sanctions. The defendants' reliance on the confidentiality provision of the Asset Purchase Agreement provides a substantial justification for at least some of their designations. However, should the defendants continue to flaunt the process set forth in the Protective Order, I will not hesitate to award sanctions in the future.

Conclusion

For the reasons set forth above, the plaintiff's motion to de-designate the documents addressed in his motion is granted and the documents at issue shall be deemed confidential. The plaintiff's request for sanctions is denied.

SO ORDERED.

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
May 20, 2010

Copies mailed this date:

Jeffrey E. Gross, Esq.
Vandenberg & Feliu, LLP
110 East 42nd Street
New York, New York 10017

Eric A. Seiff, Esq.
Seiff Kretz & Abercrombie
444 Madison Avenue, 30th Floor
New York, New York 10022

Eric A. Seiff, Esq.
Seiff Kretz & Abercrombie
444 Madison Avenue, 30th Floor
New York, New York 10022